## BROOKS v. LUDIN.[1]

(*Superior Court of New York City, General Term.*   June 28, 1889.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   In an action for personal injuries, where the evidence was conflicting, an order denying a motion to set aside the verdict for inadequacy of damages, will not be dis-turbed on appeal.

Appeal from special term.

Action by William Brooks against Susan A. Ludin, for damages on account of personal injuries.   The question of the extent of injuries received and dam-ages sustained being left to a jury, and the verdict being deemed by the plain-tiff insufficient in amount of award, he moved for a new trial.   The motion being denied, plaintiff appealed.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*Alexander Thain,* for appellant.   *Deyo, Duer & Bauerdorf,* for respondent.

SEDGWICK, C. J.   There was no exception taken at the trial which entitled the appellant to a reversal of the judgment.   The opinion of the learned judge de-nying the new trial for the insufficiency of the verdict was plainly correct.

[1] Affirming 1 N. Y. Supp. 338.

Besides the right of the jury to determine that the extent of the plaintiff's injuries, and their effects, had been exaggerated by him in his testimony, and to duly weigh the testimony of the plaintiff's physician on the same points, there was testimony on the side of the defendant as to incidents and appearances that, if believed, would require the jury to consider that the plaintiff's testimony was not accurate. The learned counsel thinks that, at least, the verdict should have been as large as the medical expenses of the plaintiff, as sworn to by himself and by his physician. The jury, however, was not bound to find for the face of the bill rendered. The case was not serious, and the treatment was simple. Eight dollars a visit was charged. But the physician, and no other witness, testified that the charge was reasonable or customary. The bill has not been paid by plaintiff. The jury were bound to give only such damages as were proved. Judgment and the order appealed from affirmed, with costs.